Mark C. Rose, #13855
Jamie L. Nopper, #10703
**McKay, Burton & Thurman, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: mrose@mbt-law.com
E-mail: jnopper@mbt-law.com
*Attorneys for Debtor and Debtor-In-Possession*
*Project Neptune, LLC*

# THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>PROJECT NEPTUNE, LLC,<br><br>Debtor. | Bankruptcy Case 23-23695<br>(Chapter 11 – Subchapter V)<br><br>Judge Peggy Hunt |

## MOTION FOR APPROVAL OF THE SUBCHAPTER V TRUSTEE'S FEES AND EXPENSES AND MOTION TO DISMISS CASE

### RELIEF REQUESTED

Pursuant to 11 U.S.C. §§ 105, 305, 349, and 1112, Federal Rule of Bankruptcy Procedure 1017, the Local Rules of Practice, and applicable case law, Debtor and Debtor in Possession Project Neptune, LLC ("Debtor"), by and through its counsel, hereby moves the Court to approve the Subchapter V Trustee's fees and expenses and then dismiss this case.

In support of this motion, Debtor represents and respectfully submits as follows:

8. Approximately 1,400 consumers purchased travel through Debtor related to the GB Cruise.

9. Due to the pandemic, the GB Cruise did not sail on March 18, 2020 as planned and was instead rescheduled on multiple occasions between March 2020 and September 2021.

10. Some service providers refused to provide full refunds to Debtor or invoked force majeure clauses that allowed them not to perform under their contracts with Debtor.

11. The GB Cruise never sailed.

12. Unfortunately, Debtor was never able to recover from the damage caused by the pandemic.

13. On August 25, 2023 (the "Petition Date"), Debtor commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.

14. Debtor continues to manage its affairs and property pursuant to 11 U.S.C. §§ 1107 and 1108.

15. Debtor continues to manage its affairs and property as a debtor in possession pursuant to 11 U.S.C. § 1182.

16. Debtor has elected to proceed under Subchapter V of Chapter 11 of the bankruptcy code.

17. On August 28, 2023, the Court entered its *Subchapter V Initial Scheduling Order, Including Claims Bar Date and Deadline to Make Section 1111(b) Election* (the "Scheduling Order").

18. Pursuant to the Scheduling Order, a status conference was scheduled for October 17, 2023 (which was subsequently moved to October 18, 2023), the report required by 11 U.S.C.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

1. Debtor is a Utah limited liability company.

2. Debtor specialized in cruise-based travel featuring itineraries and excursions not typically offered by other travel companies, including travel featuring speakers and entertainers of interest to Debtor's targeted consumers.

3. Debtor did not own or operate any cruise ships.

4. Rather, Debtor contracted with cruise lines to reserve blocks of rooms on cruise ships.

5. Some of Debtor's travel packages included hotel accommodations, ground transportation, organized excursions at ports-of-call, and airfare.

6. The COVID-19 Pandemic severely impacted Debtor's operations, as cruise lines, hotels, and airlines were shut down during the pandemic.

7. For example, Debtor sold a 14-day cruise package (that included, in many instances, hotel, airfare, and other items) to Italy, Croatia, Greece, and Israel that was scheduled to depart on March 18, 2020 and included the presence of radio talk-show host Glenn Beck (the "GB Cruise").

§ 1188(c) was ordered due by October 3, 2023, the deadline to submit a plan was ordered due by November 24, 2023, and November 3, 2023 was set as the claims bar date.

19. On August 30, 2023, D. Ray Strong ("Trustee Strong") was appointed as the Subchapter V trustee under 11 U.S.C. § 1183 in this case.

20. On September 6, 2023, Debtor had its initial debtor interview with the United States Trustee and Trustee Strong.

21. On September 26, 2023, Debtor's first meeting of creditors was conducted.

22. At Debtor's first meeting of creditors, Debtor learned that the Small Business Administration asserted a secured claim on essentially all of Debtor's assets.

23. Following Debtor's first meeting of creditors, Debtor confirmed that the Small Business Administration had a secured claim on essentially all of Debtor's assets. *See* SBA UCC Filing, attached hereto as Exhibit 1.

24. As of the Petition Date, Debtor's main assets consisted of the following:

   a. Approximately $73,253.54 in cash;

   b. Approximately $10,126.50 in a retainer with Parson Behle & Latimer, P.C.;

   c. Ownership of Omnibus Tours, Inc. (valued at $10,181.43);

   d. Some small equipment (valued at a few thousand dollars); and

   e. $1,523,995.90 in cruise credits with Costa Cruise, which are set to expire at the end of November 2023 [no liquidation value, apart from a very nominal amount from a very limited number (if any) cruise vacation providers] (the "Costa Cruise Credits").

25. On September 27, 2023, the Court entered an order authorizing Debtor to employ McKay, Burton & Thurman, P.C. as its general bankruptcy counsel.

26. On October 3, 2023, Debtor filed the report required by 11 U.S.C. § 1188(c).

27. In Debtor's Section 1188(c) report, Debtor noted that it initially planned to propose a plan where creditors would receive all of Debtor's cash (after liquidation of all its assets and claims) and where creditors with timely filed claims could submit a request to use the Costa Cruise Credits and Debtor would aid in the booking of cruises using the Costa Cruise Credits.

28. In light of the SBA's secured claim, Debtor does not believe it can propose a feasible plan.

29. Debtor has opened a debtor in possession bank account at KeyBank, a financial institution compliant with United States Trustee's office.

30. Debtor has all relevant insurance in place and is current on its obligations related thereto.

31. Since the Petition Date, Debtor has used its best efforts to identify, preserve, liquidate, and generate funds for creditors.

32. On October 18, 2023, a status conference was held in this case.

33. Debtor anticipates that the US Trustee, Trustee Strong, and the Small Business Administration will stipulate and agree to the relief requested in this motion.

34. In Debtor's business judgement, and in light of the Small Business Administration's secured claim, further administration of this case does not appear to be in the best interest of creditors.

## ARGUMENT

**I.  The Court should approve Trustee Strong's request for fees and expenses and authorize Debtor to pay those fees and expenses.**

On the docket at ECF No. 24, and incorporated herein by this reference, is Trustee Strong's first and final application for allowance of fees and expenses pursuant to 11 U.S.C. §§ 326 and 330 and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Trustee Strong Application for Compensation").  As noted in the Trustee Strong Application for Compensation, Trustee Strong seeks fees in the amount of $1,312.74 pursuant to 11 U.S.C. §§ 326 and 330.

For all the reasons set forth in the Trustee Strong Application for Compensation, the Court should approve the Trustee Strong Application for Compensation as requested and authorize Debtor to pay Trustee Strong's fees and expenses.

**II.  After paying Trustee Strong's fees and expenses (as set forth above), the Court should dismiss this case.**

11 U.S.C. § 305(a) provides that the Court, after notice and a hearing, "may dismiss a case under this title…at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension."  11 U.S.C. § 1112(b)(1) states that a court may "dismiss a case under this chapter…for cause."  11 U.S.C. § 1112(b)(4) states that "[f]or purposes of this subsection, the term 'cause' includes—(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation[.]" Given the Small Business Administration's secured claim, there has been a diminution of Debtor's bankruptcy estate and the likelihood of rehabilitation is extremely low.

Additionally, courts reviewing a motion brought under Section 305(a) typically examine the following non-exclusive factors, but may also consider any other factors they deem relevant:

(1) the economy and efficiency of administration;
(2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;
(3) whether federal proceedings are necessary to reach a just and equitable solution;
(4) whether there is an alternative means of achieving an equitable distribution of assets;
(5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;
(6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and
(7) the purpose for which bankruptcy jurisdiction has been sought.

*In re Gen. Aeronautics Corp.*, 594 B.R. 442, 480–81 (Bankr. D. Utah 2018). "Not all factors are given the same weight, and the inquiry is made on a case-by-case basis." *In re Naartjie Custom Kids, Inc.*, 534 B.R. 416, 425 (Bankr. D. Utah 2015). In addition, courts consider whether appropriate notice of the motion was provided to all parties in interest, whether any objections were filed, and whether the debtor "is attempting to work around the protections of the Bankruptcy Code." *Id.* at 426. The relevant factors here favor dismissal of this case.

First, the economy and efficiency of administration would be better served through dismissal. Unfortunately, in light of the Small Business Administration's secured claim, bankruptcy does little for creditors in this case. While Debtor hoped to propose a plan where creditors would receive all of Debtor's cash (after liquidation of all its assets and claims) and where creditors with timely filed claims could submit a request to use the Costa Cruise Credits and Debtor would aid in the booking of cruises using the Costa Cruise Credits, that hope has been dashed by the assertion of the Small Business Administration's secured claim.

From Debtor's perspective (and that of the US Trustee and Trustee Strong) Creditors would be better served outside of bankruptcy because Debtor could more quickly and easily provide creditors access to its assets, including the Costa Cruise Credits which are set to expire at the end of November 2023.  With a dismissal, Debtor would be able to avoid the administrative costs and delays associated with preparing and attempting to confirm a plan of liquidation, which could make using the credits unfeasible.  Additionally, Debtor could return to the Small Business Administration its collateral and properly dispose of its remaining assets in a more expeditious and efficient way.

Second, while there is not already a proceeding pending in a state court, other forums (such as the state court) are available to creditors, if necessary.  The rights of creditors would be protected under dismissal, since this Court has not issued any orders or taken any actions that would affect creditors' state law remedies.  In other words, creditors would be free to continue to pursue their claims outside of bankruptcy notwithstanding dismissal.

Third, further federal proceedings are not necessary to reach a just and equitable solution. As noted above, creditors would be better served by dismissal because it will provide them access to the Costa Cruise Credits in a timelier manner.  Additionally, the priorities of the Bankruptcy Code will still be followed outside of bankruptcy with the Small Business Administration receiving essentially all of Debtor's assets (except the Costa Cruise Credits) and creditors being able to take advantage of the Costa Cruise Credits, should they choose to do so.

Fourth, the dismissal is both an out-of-court workout and an alternative means for an equitable distribution of estate assets that is in the best interests of the parties.  Dismissal of the case as proposed will result in the Small Business Administration receiving its collateral and

creditors being able to access the Costa Cruise credits. Indeed, Debtor and its creditors are better served in proceeding outside of bankruptcy because Debtor will not be restricted by the time constraints of attempting to confirm a plan.

Finally, there is no indication that Debtor sought the jurisdiction of this Court with any improper purpose or otherwise is attempting to work around the protections of the Bankruptcy Code. Rather, Debtor filed with the purpose of liquidating its assets and made a good faith attempt to do so. Debtor has complied with all bankruptcy rules to date and is otherwise in compliance with its obligation to the Court and parties in interest. Ultimately, since the Small Business Administration has a lien on all of Debtor's assets, Debtor is not in a position to propose a feasible plan. As noted previously, Debtor believes the US Trustee, Trustee Strong, and the Small Business Administration agree that this course of action is in the best interest of creditors.

For these reasons, the interests of creditors and Debtor would be best served if this case is dismissed.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Debtor moves the Court for approval of Trustee Strong's fees and expenses and for dismissal of this case.

DATED this 24th day of October, 2023.

**MCKAY, BURTON & THURMAN, P.C.**

/s/ Mark C. Rose
Mark C. Rose
*Attorneys for Debtor and Debtor in Possession*
*Project Neptune, LLC*

# EXHIBIT 1



**SPENCER COX**
*Governor*

**DEIDRE HENDERSON**
*Lieutenant Governor*

# State of Utah
# Department of Commerce

### Division of Corporations and Commercial Code

**MARGARET BUSSE**
*Executive Director*

**LEIGH VEILLETTE**
*Director, Division of Corporations and Commercial Code*

## Liens Filing Search Report

The Utah Division of Corporations and Commercial Code hereby certifies that the attached list is a true and exact list of all financing statements or CFS liens and related subsequent documentation for the debtor below as filed with the Division of Corporations and Commercial Code office, Uniform Commercial Code Division, as of the Through Date below.

September 28, 2023

**Date Searched:** 9/28/2023 4:12:07 PM    **Search Criteria:**
**Searched by:**
**Filing Chains:** 1

**Good Through Filing Date:** 09/27/2023

**Cities:**
**Date Range:** All Available Filings
**Include Filings Outside Range?:** All Available Filings

**Filing Status:** ALL(Lapsed and Unlapsed)
**Include Records:** N/A

**Organization Name:** PROJECT NEPTUNE, LLC

---

**Filing Chain#:** 1
**Original File#:** 2020714471-9

**Lapse Date:** 09/24/2025
**Lien Type:** UCC Lien

---

**Filing #:** 2020714471-9    **Filing Date:** 09/24/2020    **Filing Type:** Initial Financing Statement UCC-1    **Page Count:** 1

**Debtors**

| Name | Type | Action Type | Address |
|---|---|---|---|
| PROJECT NEPTUNE, LLC | Organization | N/A | 4700 W DAYBREAK PKWY STE 150 SOUTH JORDAN, UT 84009, USA |

**Secured Parties**

| Name | Type | Action Type | Address |
|---|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION | Organization | N/A | 1545 HAWKINS BLVD, SUITE 202 EL PASO, TX 79925, USA |

**Collateral**

All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. 820658 8209

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>Corporation Service Company 1-800-858-5294 | Filed in the Office of<br>*[signature]*<br>Director, Division of Corporations and Commercial Code |
| B. E-MAIL CONTACT AT FILER (optional)<br>SPRFiling@cscglobal.com | |
| C. SEND ACKNOWLEDGEMENT TO: (Name and Address)<br>Corporation Service Company<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703 USA | |

Initial Filing Number: **2020714471-9**
Filed On: **9/24/2020 6:28:35 AM**
Lapse Date: **9/24/2025**
Number of Pages: **1**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **Project Neptune, LLC** | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 4700 W DAYBREAK PKWY STE 150 | SOUTH JORDAN | UT | 84009 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **U.S. Small Business Administration** | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1545 Hawkins Blvd, Suite 202 | El Paso | TX | 79925 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
**All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. 820658 8209**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**1993 41783:199341783**

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)